NICOLA T. HANNA
United States Attorney
LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division
JOSEPH B. WIDMAN (Cal. SBN 256189)
Assistant United States Attorney
Chief, Riverside Branch Office
     3403 10th Street, Ste. 200
     Riverside, California 92501
     Telephone: (951) 276-6945
     Facsimile: (951) 276-6202
     Email: Joseph.Widman@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. ED CR 17-277-JLS |
| Plaintiff, | GOVERNMENT'S MEMORANDUM IN OPPOSITION TO DEFENDANT FORREST WOOD DAVIS'S APPEAL OF DETENTION ORDER |
| v. | |
| FORREST WOOD DAVIS, aka "Woody Davis," aka "Woody Williams," | Hearing Date: July 20, 2018 Hearing Time: 8:30 a.m. Location: Courtroom of the Hon. Josephine L. Staton |
| Defendant. | |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorney Joseph B. Widman, hereby files this memorandum in opposition to defendant FORREST WOOD DAVIS's appeal of the Magistrate Judge's detention order.

///

///

The government's opposition is based upon the attached memorandum of points and authorities, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: July 4, 2018          Respectfully submitted,

NICOLA T. HANNA
United States Attorney

LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division

*/s/ J.B. Widman*

JOSEPH B. WIDMAN
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

Defendant should remain detained pending trial because he presents an enormous and intolerable flight risk. The evidence on flight risk is as simple as it is powerful: He fled before. Defendant fled, to a foreign country, after being federally indicted for fraud, after making his initial appearance, while his case was pending trial. Defendant successfully fought extradition. He did not return to the United States until after his federal case had been dismissed on motion of the government, due to the death of a key government witness. Defendant lived as a fugitive in Canada for 15 years. And he only returned to the United States after Canada began deportation proceedings against him, for perpetrating additional frauds upon Canadian citizens while living abroad as a fugitive. Due to defendant's breach of the federal court's trust and his willingness to live for 15 years as a fugitive abroad, defendant beat the case.

Now defendant has again been indicted in federal court, this time for investment fraud. And he asks this Court to trust him, just like he asked the court in his last federal fraud case to trust him. Magistrate Judges in Arizona and Riverside have repeatedly and correctly declined to trust this defendant. He should *not* be released on bond.

Defendant has been dishonest even in connection with these proceedings. He blatantly lied to Pretrial Services in Arizona upon his arrest. Defendant falsely told pretrial that he last travelled outside the country in 1990 when he travelled to Germany, Austria, and Italy. He never mentioned Canada. He never mentioned the 15

years he lived as a fugitive in that country *after* 1990.  Defendant is untrustworthy and must remain detained pending trial.

**II.   FACTUAL AND PROCEDURAL BACKGROUND**

The government respectfully refers the Court to its Opposition to Defendant's Application for Bond, which the government filed on April 17, 2018 at Docket No. 37 ("Bond Opposition"), which contains a detailed and exhibit-laden summary of defendant's relevant background, at Section II, from pages two through nine.[1]

One factual clarification to the government's recitation of facts in its Bond Opposition:  The defense has stated and the government does not dispute that defendant was not technically deported from Canada; he chose "voluntary removal" from that country after the Canadian immigration authorities had initiated deportation proceedings against him.

///

///

---

[1] The government does not intend to repeat what it said in its previous filing; it is mindful of the Court's statement that the "government may supplement the briefing already filed in front of the Magistrate Judge, if necessitated by any issues raised in Defendant's recent filings (Docs. 56, 57)."

2

**III. ADDITIONAL PROCEDURAL BACKGROUND**

This chart summarizes the previous hearings in this case. The government offers this information to illustrate that defendant's arguments on bond versus detention have been rejected by every judge who has considered them.

Defendant has been in custody continuously since his arrest on December 6, 2017 in Tucson, Arizona.

| Date | Court & Judge | Nature of Hearing | Other |
|---|---|---|---|
| December 6, 2017 | Mag. Judge Leslie A. Bowman, District of Arizona | Initial appearance | Case No. 4:17-mj-03164 |
| December 8, 2017 | Mag. Judge Leslie A. Bowman, District of Arizona | Removal Hearing | Case No. 4:17-mj-03164 |
| January 4, 2018 | Mag. Judge Bernardo P. Velasco, District of Arizona | Detention Review Hearing | Case No. 4:17-mj-03164 |

3

| Date | Court & Judge | Nature of Hearing | Other |
|---|---|---|---|
| January 22, 2018 | Mag. Judge Shashi K. Kewalramani, Central District of California | Initial appearance | Detention hearing begun and continued |
| January 23, 2018 | Mag. Judge Shashi K. Kewalramani, Central District of California | Continued Detention Hearing | Defendant ordered detained on flight and danger grounds; Defendant waived appearance |
| March 6, 2018 | Mag. Judge Shashi K. Kewalramani, Central District of California | Detention Review Hearing | Court ordered continued detention on flight and danger grounds; Defendant waived appearance |
| April 10, 2018 | Mag. Judge Shashi K. Kewalramani, Central District of California | Detention Review Hearing | Parties argue; Parties given opportunity to submit further briefing; Defendant waived appearance |

| Date | Court & Judge | Nature of Hearing | Other |
|---|---|---|---|
| May 31, 2018 | Mag. Judge Shashi K. Kewalramani, Central District of California | Detention Review Hearing | Court orders continued detention of defendant; Defendant present |
| June 11, 2018 | Mag. Judge Shashi K. Kewalramani, Central District of California | Hearing regarding potential temporary release of defendant for medical service at Loma Linda University Medical Center per 18 U.S.C. § 3142(i) | Court directs parties to arrange for telephone conference between defendant's former oncologist in Tucson, Arizona with his current USMS doctor |

**IV.   DEFENDANT SHOULD NOT BE RELEASED ON BOND UNDER ANY CIRCUMSTANCES**

Defendant needs to remain in custody pending trial because he presents an enormous flight risk.  The government incorporates by reference the arguments it made in its Bond Opposition brief, Section III, pages 9 through 12, except that the government acknowledges that defendant was "voluntarily removed" from Canada after Canadian authorities initiated deportation proceedings against him.

///

///

5

The government also offers the following circumstances and arguments which demonstrate defendant's unsuitability for pretrial release:

1. Defendant was living under an alias, "Woody Williams," upon his arrest in Tucson, Arizona. He used this alias while defrauding victims as alleged in the indictment.

2. The evidence summarized in the criminal complaint (Docket No. 1) demonstrates at length and in detail that defendant is untrustworthy and dishonest. He created and led an elaborate investment fraud scheme.

3. Defendant told Pretrial Services in this district that he was currently in the process of purchasing his residence in Tucson. But in fact, the FBI confirmed that, as defendant well knew, he was in the process of being evicted from that residence.

4. When defendant was arrested, he was in possession of several firearms, including a loaded shotgun next to a nightstand.

5. Defendant is an economic danger to the community because he has no legitimate sources of income. Defendant's professional skill is being a con man. The government's investigation revealed that defendant generated all of his income from scamming hapless investors. He paid his attorney in the Wyoming case with investor funds. If released, defendant will need to defraud people in order to have money to live on.

6. Several of defendant's proposed sureties appear to be victims of defendant's investment fraud. They apparently do not know that defendant is a con man.

**V.   CONCLUSION**

For the foregoing reasons, the government respectfully requests that this Court order defendant detained pending further proceedings.