JOSEPH SHEMARIA, ESQ.
LAW OFFICES OF JOSEPH SHEMARIA
9171 Wilshire Blvd., Suite 500
Beverly Hills, California 90210
Telephone: (310) 278-2660
Email: lalawyr1@gmail.com
Attorney for Defendant,
FORREST WOOD DAVIS

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 17-CR-277-JLS |
| | ) | |
| | ) | REPLY TO GOVERNMENT'S |
| Plaintiff, | ) | OPPOSITION RE APPEAL OF |
| | ) | DETENTION ORDER |
| vs. | ) | |
| | ) | |
| FORREST WOOD DAVIS, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |
|_____ | ) | |

TO THE HONORABLE JOSEPHINE L. STATON, UNITED DATES DISTRICT JUDGE

AND JOSEPH B. WIDMAN, ASSISTANT UNITED STATES ATTORNEY:

    Defendant, FORREST WOOD DAVIS, by and through his attorney of record, Joseph Shemaria, Esq., hereby replies to the Government's Opposition two Defendant's Appeal of the Detention Order.

-1-

Dated:  August 2, 2018.

                            LAW OFFICES OF JOSEPH SHEMARIA

                            By:  /S/ Joseph Shemaria
                                 JOSEPH SHEMARIA
                                 Attorney for Defendant,
                                 **FORREST WOOD DAVIS**

**REPLY TO GOVERNMENT'S OPPOSITION RE APPEAL OF DETENTION ORDER**
**United States of America v. FORREST WOOD DAVIS**
**17-CR-277-JLS**

**ARGUMENT**

Without repeating what has previously been stated in the "APPEAL OF DETENTION ORDER OF January 23, 2018", etc. documents, what this bond/detention hearing comes down to is, respectfully, a rather straightforward and uncomplicated decision on where Mr. Davis should reside pending his November, 2018 trial and the consequential health considerations and possible consequences that should be taken into account in making, and as a result of, this decision.

Mr. Davis is not the typical defendant that appears seeking conditions of release as opposed to a detention order. At 74, and having been diagnosed with Stage IV metastatic breast cancer in 2013, combined with undeniably having diabetes, mellitus, hypertension chronic kidney disease and hyperlipidemia--this defendant absolutely requires some extraordinary type of conditions of release that would allow him to use his own health insurance to get all of the necessary and essential medical care that he needs, as opposed to the totally unnecessary and pathetic almost subhuman conditions he has been living in at the West Valley Detention Center, where he has been for over seven months now. It is respectfully submitted that this overly defendant should be rescued from continuing suffering he has endured since December 6, 2017.

-3-

The Federal Bail Reform Act of 1984 was certainly enacted to make changes, including pretrial detention in certain categories of cases or for certain people with serious criminal histories, backgrounds and charges. However, it is respectfully submitted, the Act's provisions for detention of persons that pose a flight risk were never intended to be applied under circumstances such as we have in the instant case. The government never takes into consideration Mr. Davis' extremely serious medical conditions and health needs. Rather, it treats this case as if there is nothing really unusual and there's nothing that Mr. Davis needs medically other than what he getting while is housed in the San Bernardino County West Valley Detention Center. Nothing could be further from the truth.

The West Valley Detention Center houses over 3000 inmates, the great majority of them go to court in the County of San Bernardino. Mr. Davis is kept in an area where the ambient temperature is always approximately 60°. He is told it is kept at 60° because the cold air kills germs. He is seen on a daily basis by a person who appears to be a medical doctor. He is given pain medication for the severe pain is enduring from the large cancerous growth in his chest. That growth is cleansed on a regular basis by a nurse. Pretty much on a weekly basis, Mr. Davis is taken to the only healthcare facility

-4-

with which the San Bernardino County Sheriff's office apparently has a contract--the Arrowhead Medical Clinic in Colton California. When Mr. Davis is taken to the Arrowhead Clinic, he is seen for no more than five or 10 minutes and asked how he is doing. There is no physical examination of any sort, the person (presumably a doctor) who sees him never asks to see or touch the bulging cancerous growth on his chest and just wishes him well and "see you next week."

Nothing more can really be expected given the circumstances of his incarceration and location where he is incarcerated. However, this is no excuse for not allowing a (pretrial) 74-year-old American citizen suffering from Stage IV metastatic breast cancer to receive the additional necessary and medically required examinations, follow-ups, testing and scanning to determine the extent and pace to which the cancer is metastasizing. Mr. Davis has been having severe headaches that he never had before. Dr. Chalasani (Mr. Davis' treating oncologist in Tucson, Arizona prior to his arrest) has stated to counsel that the type of cancer that Mr. Davis has very typically goes directly from the breast area to the brain. However, this cannot be determined without a pet scan and the Arrowhead Clinic does not have pet scan equipment/machinery necessary to perform these tests.

REPLY TO GOVERNMENT'S OPPOSITION RE APPEAL OF DETENTION ORDER
United States of America v. FORREST WOOD DAVIS
17-CR-277-JLS

The government relies upon the traditional ingredients of the run-of-the-mill "flight risk" defendant's 1992 mistake of going to Canada while a federal indictment charging bankruptcy fraud was pending. But the Court can see from the indictment which was attached as an exhibit to the Appeal documents, that case involved a very small amount of alleged assets not put on the bankruptcy document. The Court certainly should take into account the fact that that indictment showed a rather minor indiscretion in failing to disclose approximately $4500 (that had been paid to him by his in-laws,) a "1961 Chevrolet" it probably had a very low fair market value in 1992.

The second "prior criminal activity" the government relies upon to keep Mr. Davis in custody is his conviction in June, 2013 in a Wyoming state court matter where he received a "time served" sentence of six months. Yet these are the two "legal sins" the government has used time and time again to persuade the bench officer not to set conditions of release.

The instant case does not involve any death, injuries, violence, terrorist threats or actions, dangerous drugs and the other most typical causes for a detention order. Regardless of how the government wants the payment, it is a plain and simple business

-6-

REPLY TO GOVERNMENT'S OPPOSITION RE APPEAL OF DETENTION ORDER
United States of America v. FORREST WOOD DAVIS
17-CR-277-JLS

plan gone wrong amongst friends and strangers-- the typical "white collar" financial fraud case, only on a small scale.

His present medical condition is extremely poor and his conditions of life in jail are below what should be expected for a man of his age and poor health. His trial is not until November, 2018. His recent migraine headaches may well be a result of his breast cancer having spread to his brain. (See attached Declaration of Joseph Shemaria and related Exhibit "A")

Dated:  August 2, 2018

                                        Respectfully submitted,

                                        LAW OFFICES OF JOSEPH SHEMARIA

                                        By:    /S/ Joseph Shemaria
                                                  JOSEPH SHEMARIA
                                                  Attorney for Defendant
                                                  **FORREST WOOD DAVIS**

**REPLY TO GOVERNMENT'S OPPOSITION RE APPEAL OF DETENTION ORDER**
**United States of America v. FORREST WOOD DAVIS**
**17-CR-277-JLS**

# DECLARATION OF JOSEPH SHEMARIA

**Joseph Shemaria** hereby declares:

1. I am both a member of the Bar of this Court and counsel of record for Defendant Forrest Wood Davis in the above-captioned case.

2. Mr. Davis has advised the Declarant that he has been suffering severe migraine headaches for the last couple of months. According to D. Chalasani, his long-time oncologist, the migraine headaches could well be a possible indication that his cancer has metastasize to his brain. The attached letter from his oncologist, Dr. Chalasani dated August 2, 2018, (attached hereto as Exhibit "A") is a true and correct copy of her letter.

I declare the foregoing to be true and correct under the penalty of perjury. Executed on August 2, 2018 at Los Angeles California.

                                                                                      /s/ Joseph Shemaria

                                                                                      JOSEPH SHEMARIA

                                                                                      Attorney for Defendant
                                                                                      **FORREST WOOD DAVIS**